UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

- against -

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.

-----------------------------------------------------------------------X

Case No.:

<u>**NOTICE OF REMOVAL**</u>
Pursuant to 28 USC §§ 1332, 1441 and 1446
(Federal Question Jurisdiction)

**Removed from New York State Supreme Court, Kings County, Index No.: 519882/2025**

**PLEASE TAKE NOTICE** that pursuant to 28 USC §§ 1331, 1441 and 1446, Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef &

Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE" (collectively, "Defendants") by and through their attorneys, Marzec Law Firm, P.C., hereby remove the above-captioned action from the New York State Supreme Court, County of Kings, to the United States District Court for the Eastern District of New York, Brooklyn.

**PLEASE TAKE FURTHER NOTICE** that Defendants appear specifically for the purpose of removal only and for no other purpose, and reserve all defenses and rights available to them, including but not limited to personal jurisdiction and venue, and state as follows:

**PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

1. On July 29, 2025, Plaintiff WEN LIN LIU ("Plaintiff"), filed a Complaint ("Complaint") in the Supreme Court of the State of New York, County of Kings, which is presently captioned *WEN LIN LIU on his own behalf and on behalf of others similarly situated v. IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1*

*HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen, and JOYCE "DOE"* ("State Court Action"). A true copy of the Complaint is attached hereto as **Exhibit A.**

2. This action is for unpaid wages and Plaintiff seeks to recover money damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

3. On July 9, 2025, Defendant became aware that a Summons with Notice was filed in the State Court Action. A true copy of the Summons with Notice is attached hereto as **Exhibit B.**

4. On July 9, 2025, Defendants filed a Notice of Appearance and Demand for Complaint along with a demand to change venue. A true copy of Defendants' Notice of Appearance and Demand for Complaint and Demand for Change of Place of Trial is attached hereto as **Exhibit C.**

5. In response, Plaintiff filed and served his Complaint on July 29, 2025. See **Exhibit A.**

6. On August 27, 2025, Defendants filed a motion to dismiss the Complaint based upon *forum non conveniens* or, alternatively, to change the venue of the State Court Action from Kings County to Orange County. A true copy of the motion is attached hereto as **Exhibit D**.

7. A list of the documents filed in the State Court Action is attached hereto as **Exhibit E**.

8. Defendant was not aware or placed on notice of Plaintiff's claims under the FLSA or NYLL until the Complaint was filed and served in the State Court Action on or about July 29, 2025.

9. Accordingly, this Notice of Removal is timely pursuant to 28 USC § 1446(b) because it is being filed not more than thirty (30) days following the date on which Defendants became aware and were placed on notice of the causes of action alleged in the Complaint filed in the State Court Action on July 29, 2025.

**BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

10. Pursuant to 28 USC § 1441, a defendant may remove any action over which the District Court would have original jurisdiction.

11. Pursuant to 28 U.S.C. § 1331, for purposes of determining whether a district court has federal question jurisdiction, the jurisdictional inquiry "depends entirely upon the allegations in the complaint" and whether the claim as stated in the complaint "arises under the Constitution or laws of the United States." Carlson v. Principal Fin. Group, 320 F.3d 301, 306 (2d Cir. 2003); S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) (federal question jurisdiction is based upon whether plaintiff pled a jurisdiction-conferring claim in the complaint).

12. "Federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A, 824 F.3d 308, 314 (2d Cir. 2016) (internal citation omitted).

13. A state law cause of action will also "arise under" federal law if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 (2005).

14. Here, Plaintiff asserts claims under the FLSA.

15. Count I and Count IV of the Complaint allege violations of U.S.C. §§ 207(a) and 216(b). See **Ex. A** ¶¶ 94-100, 110-113.

16. Plaintiff also seeks to certify a class under Rule 23. See **Ex. A** ¶¶ 83-91.

17. Accordingly, removal is proper under 28 USC §§ 1331 and 1441(a) and (b).

**ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

18. The Supreme Court of the State of New York, County of Kings, is located within the Eastern District of New York, Brooklyn. Removal is proper because the action is being removed to the "district and division embracing the place where such action is pending" as required under 28 USC § 1441(a).

19. Upon removal of the State Court Action to this Court, Defendants will seek adjudication of their motion to change venue filed in the State Court Action. See **Exhibit D.**

20. As all Defendants reside in Orange County, New York and the claims in the Complaint arose in Orange County, New York, this action should be transferred from the Eastern District of New York to the Southern District of New York.

21. Pursuant to 28 USC § 1446(d), a copy of Defendants' Notice of Removal shall be filed with and served upon the Supreme Court of the State of New York, County of Kings, advising it of this Notice of Removal. A true copy of this written notice is attached hereto as **Exhibit F.**

22. Pursuant to 28 USC § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

23. By filing this Notice of Removal, Defendants do not waive and expressly reserve their rights, claims and defenses, including but not limited to, all defenses relating to venue and personal jurisdiction.

**WHEREFORE,** Defendants prays that this action be removed from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York, Brooklyn and further request that the action thereafter proceed in this Court as an action properly removed thereto.

Dated: August 28, 2025
Brooklyn, New York

**MARZEC LAW FIRM, P.C.**

By: *__/s/ Darius A. Marzec________*

Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave., Ste 104
(718) 609-0303
Fax (718) 841-7508
dmarzec@marzeclaw.com

To: John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS—COMMERCIAL DIVISION

-----------------------------------------------------------------x

WEN LIN LIU,
*on his own behalf and on behalf of others similarly situated*

Plaintiff,

v.

IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & SUSHI FUSION INC ;
d/b/a Iron Chef & Sushi Fusion ;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fushion;
GASHO 1 HIBACHI ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen, and
JOYCE "DOE"

Defendants.

-----------------------------------------------------------------x

**Index No. 519882/2025**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**<u>COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

Plaintiff WEN LIN LIU (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & SUSHI FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley; HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC d/b/a Sakimura Hibachi and Asian Fusion d/b/a Sakimura Hibachi & Asian Fushion; GASHO 1 HIBACHI ASIAN FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley; CHEN GROUP LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh;XIANGZHEN CHEN a/k/a Xiang Zhen Chen a/k/a David Chen, and JOYCE "DOE", and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff WEN LIN LIU, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

4. Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (7) attorney's fees and costs. Provided, to the extent any of the foregoing claims are certified for class treatment, Plaintiff shall waive any claim for penalty damages arising out of the claims certified for class treatment, including liquidated damages.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper in this court because Plaintiff is a resident of Kings County.

6. Venue is proper in this court pursuant to CPLR § 503, because Plaintiff is a resident of Kings County.


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

**PLAINTIFF**

7. From on or about August 05, 2024 to September 02, 2024, Plaintiff WEN LIN LIU was employed by Defendants to work as a Sushi Chef for Defendants at 101 N Plank Rd, Newburgh, NY 12550

**DEFENDANTS**

***Corporate Defendants***

8. Defendant IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a domestic business corporation organized under the laws of the State of New York with a principal address at 101 N Plank Rd, Newburgh, NY 12550.

9. IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh purchased and handled goods moved in interstate commerce.

11. Defendant IRON CHEF HIBACHI & SUSHI FUSION INC; d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley is a domestic business corporation organized under the laws of the State of New York with a principal address at 365 Route 32, Central Valley, NY 10917.

12. IRON CHEF HIBACHI & SUSHI FUSION INC; d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. IRON CHEF HIBACHI & SUSHI FUSION INC; d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley purchased and handled goods moved in interstate commerce.

14. Defendant HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a domestic business corporation organized under the laws of the State of New York with a principal address at 101 N Plank Rd, Newburgh, NY 12550.

15. HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16. HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh purchased and handled goods moved in interstate commerce.

17. Defendant SAKIMURA HIBACHI & ASIAN FUSION INC d/b/a Sakimura Hibachi and Asian Fusion d/b/a Sakimura Hibachi & Asian Fushion is a domestic business corporation organized under the laws of the State of New York with a principal address at 340 Kings Mall Ct, Kingston, NY 12401.

18. SAKIMURA HIBACHI & ASIAN FUSION INC d/b/a Sakimura Hibachi and Asian Fusion d/b/a Sakimura Hibachi & Asian Fushion is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

19. SAKIMURA HIBACHI & ASIAN FUSION INC d/b/a Sakimura Hibachi and Asian Fusion d/b/a Sakimura Hibachi & Asian Fushion purchased and handled goods moved in interstate commerce.

20. Defendant GASHO 1 HIBACHI ASIAN FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley is a domestic business corporation organized

under the laws of the State of New York with a principal address at 365 Route 32, Central Valley, NY 10917.

21. GASHO 1 HIBACHI ASIAN FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

22. GASHO 1 HIBACHI ASIAN FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley purchased and handled goods moved in interstate commerce.

23. Defendant GASHO OF WOODBURY INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley is a domestic business corporation organized under the laws of the State of New York with a principal address at 365 Route 32, Central Valley, NY 10917.

24. GASHO OF WOODBURY INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

25. GASHO OF WOODBURY INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley purchased and handled goods moved in interstate commerce.

26. Defendant CHEN GROUP LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a domestic business corporation organized under the laws of the State of New York with a principal address at 101 N Plank Rd, Newburgh, NY 12550.

27. CHEN GROUP LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

28. CHEN GROUP LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh purchased and handled goods moved in interstate commerce.

29. Defendant CHEN GROUP 1059 LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a domestic business corporation organized under the laws of the State of New York with a principal address at 101 N Plank Rd, Newburgh, NY 12550.

30. CHEN GROUP 1059 LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

31. CHEN GROUP 1059 LLC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh purchased and handled goods moved in interstate commerce.

***Owner/Operator Defendants***

32. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

33. XIANGZHEN CHEN a/k/a Xiang Zhen Chen a/k/a David Chen known as Boss to Plaintiff and "Boss", (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh.

34. XIANGZHEN CHEN a/k/a Xiang Zhen Chen a/k/a David Chen was an active day-to-day supervisor at Iron Chef.

35. XIANGZHEN CHEN a/k/a Xiang Zhen Chen a/k/a David Chen frequently supervised the other employees and spoke with JOYCE “DOE” concerning any employees he disliked, who would then be fired.

36. XIANGZHEN CHEN a/k/a Xiang Zhen Chen a/k/a David Chen did not like Plaintiff so instructed JOYCE “DOE” to fire Plaintiff.

37. XIANGZHEN CHEN a/k/a Xiang Zhen Chen a/k/a David Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh.

38. JOYCE "DOE" known as Lady Boss to Plaintiff and "Lady Boss", (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh.

39. JOYCE "DOE" was a day to day supervisor at the Iron Chef.

40. JOYCE “DOE” exercised her authority to hire Plaintiff.

41. JOYCE “DOE” exercised her authority to fire Plaintiff.

42. JOYCE “DOE” determined Plaintiff’s wage rate.

43. JOYCE “DOE” determined Plaintiff’s working schedule.

44. JOYCE “DOE” paid Plaintiff and other Iron Chef employees.

45. JOYCE "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §

791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh.

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

46. Upon information and belief, Corporate Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & SUSHI FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley; HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as they share staff, including Plaintiff, pay Plaintiff for the work performed at the enterprise no matter what location they worked; advertise the Corporate Defendants as an enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

47. Specifically, Corporate Defendants shared employees and ingredients. The individual Defendant JOYCE "DOE" brought the sushi-grade fish among the Iron Chef locations.

48. In additions, employees including sushi chefs, were shared among and assigned among the Sushi Chef locations upon demand by the store based on the need for additional help among the Iron Chef.

49. At all times relevant herein, IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh; IRON CHEF

HIBACHI & SUSHI FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley; HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

50. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & SUSHI FUSION INC d/b/a Iron Chef & Sushi Fusion d/b/a Iron Chef of Central Valley; HIROSAKI, INC d/b/a Iron Chef Hibachi & Asian Fusion d/b/a Iron Chef of Newburgh.

**Wage and Hour Claims**

51. There were more than 40 employees across the three locations at any one time.

52. Specifically, at the Newburgh location alone, there were twenty (20) employees, including one (1) receptionist, one (1) packer, four (4) waiters, three (3) sushi chefs, five (5) kitchen workers, two (2) hibachi chefs, three (3) to four (4) bussers at any one time.

53. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

54. Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

55. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

56. At all relevant times, Defendants knowingly, willfully, and maliciously failed

to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

57. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

58. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

59. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

60. At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

61. Due to plaintiff(s) not receiving an adequate paystub, plaintiff(s) was not / were not aware that he/she/they was/were not being paid the minimum wage and/or an overtime rate for the hours they worked and/ the hours they worked past the fortieth (40th) hour.

62. As a result of this plaintiff(s) was/were injured financially for he/she/they were not being compensated correctly pursuant to the Status and therefore missing money that they could have earned for the work they preformed

63. Defendants knew that the nonpayment of overtime pay and New York's


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

"spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

64. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

***Plaintiff WEN LIN LIU***

65. From on or about August 05, 2024 to September 02, 2024, Plaintiff WEN LIN LIU was employed by Defendants to work as a Sushi Chef at 101 N Plank Rd, Newburgh, NY 12550.

66. Plaintiff WEN LIN LIU worked continuously during his employment period, with August 13, 2024, August 14, 2024, August 27, 2024, and August 28, 2024 off.

67. Thus, Plaintiff worked seven (7) days on two (2) weeks and five (5) days on two (2) weeks.

68. Plaintiff WEN LIN LIU's regular work schedule ran from:

a. 11:00 to 21:30 with a lunch break from 15:00 to 16:00, for one (1) hour for nine and a half (9.5) hours on either two (2) days or four (4) days of Mondays through Thursdays for nineteen (19) hours on days when Plaintiff worked two (2) days of Mondays through Thursdays and thirty eight (38) hours on days when Plaintiff worked each day of Mondays through Thursdays;

b. 11:00 to 22:30 for eleven and a half (11.5) hours for two (2) days and twenty three (23) hours a week;

c. 11:00 to 21:30 for ten and a half (10.5) hours.

69. Totally, Plaintiff worked approximately sixty two (62) hours per week on average, as he worked six (6) days on average.

70. At all relevant times, Plaintiff WEN LIN LIU did not have a fixed time for lunch or for dinner.

71. In fact, Plaintiff WEN LIN LIU had around ten (10) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to prepare sushi orders for customers.

72. From on or about August 05, 2024 to September 02, 2024, Plaintiff WEN LIN LIU was paid a flat compensation at a rate of one thousand two hundred fifty dollars ($1250.00) per cash per week.

73. At all relevant times, Plaintiff WEN LIN LIU was not paid overtime pay for overtime work.

74. At all relevant times, Plaintiff WEN LIN LIU was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

75. Further, at all relevant times, Plaintiff WEN LIN LIU had his tips misappropriated.

76. Specifically, the individual Defendant XIANGZHEN CHEN misappropriated 100% of the takeout tip pool due to the sushi chef.

77. Individual Defendant XIANGZHEN CHEN misappropriated 50% of the dine in tip pool due to the sushi chef.

78. Plaintiff estimates that his share of misappropriate tips was around thirty dollars ($30) per day.

79. Throughout his employment, Plaintiff WEN LIN LIU was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

80. Defendants' failure to provide plaintiff with his wage statement with his/her weekly wages prevented plaintiff from understanding that he was not being paid overtime for the hours he worked past the fortieth (40th) hour. This in turn financially injured plaintiff because he/she was not earning the amount of money that he should be earning from defendants but only a portion of his what he should have earned.

81. Throughout his employment, Plaintiff WEN LIN LIU was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

82. Throughout his employment, Plaintiff WEN LIN LIU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

83. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

## CLASS ACTION ALLEGATIONS

84. Plaintiff brings his NYLL claims pursuant to Article 9 of the CPLR, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

85. All said persons, including Plaintiff, are referred to herein as the "Class."

**ASCERTAINABILITY**

86. The number and identity of the Class member as determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under CPLR § 904.

**NUMEROSITY**

87. The proposed class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Thought the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

**COMMONALITY**

88. Common questions of law and fact exist as to members of the Class which predominate over questions affecting only individual members of the Class, including, but not limited to, the following:

a. Whether Defendants employed the Class members within the meaning of New York law;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the compensation of Class members;

c. Whether Defendants failed to pay the Class members minimum wage;

d. Whether Defendants failed to pay the Class members their earned wages;

e. Whether Defendants failed to pay the Class members overtime;

f. Whether Defendants failed to pay the Class members spread of hours;

g. Whether Defendants failed to provide the Class members with time of hire notice;

h. Whether Defendants failed to provide the Class members with paystubs;

i. Whether Defendants failed to provide the Class members with adequate meal breaks; and

j. Whether Defendants failed to provide the Class members with uniform maintenance or uniform maintenance pay

**TYPICALITY**

89. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**ADEQUACY**

90. Plaintiff is an adequate representative of the Class, will fairly protect the interest of other members of the Class, has no interests antagonistic to the members of the


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

Class, and will vigorously pursue this suit via attorneys who are competent, skilled, and experienced in litigating matters of this type. Class counsel are competent and experienced in litigating large employment law class actions.

**SUPERIORITY**

91. The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

a. This case involves a large corporate Defendant and a large number of individual Class members with many relatively small claims and common issues of law and fact;

b. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with their vastly superior financial and legal resources, they would be able to exploit and overwhelm the limited resources of each individual member of the Class;

c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants who are Class members' current or former employers, because of an appreciable and justifiable fear of retaliation;

d. The prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the class against Defendants, would establish potentially incompatible standards of conduct for

Defendants, would result in legal determinations with respect to individual members of the Class, which would, as a practical matter, be dispositive of the interest of other member members of the Class who are not parties to the adjudications, and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e. Furthermore, as the damages suffered by each individual members of the Class are relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

f. The costs to the court system of adjudication of such individualized litigation would be substantial.

92. Plaintiff intends to send notice to all members of the Class as required by Article 9 of the CPLR.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one

and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

95. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

96. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

97. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

98. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

99. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

100. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II.**
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Class]**

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

103. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

104. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

105. Defendants' failure to pay Plaintiff was not in good faith . (To the extent this claim is certified for class treatment, Plaintiff shall waive any claim for penalty damages arising out of this claim, including liquidated damages.)

**COUNT III.**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and Class]**

106. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

108. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith. (To the extent this claim is certified for class treatment, Plaintiff shall waive any claim for penalty damages arising out of this claim, including liquidated damages.)

**COUNT IV.**
**Violation of 29 U.S.C. § 203(m)—Misappropriation of Tips**

109. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110. 29 U.S.C. § 203(m)(2)(B) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

111. Throughout Plaintiff's employment, Defendant retained 100% of the delivery tips and 50% of the dine in tips that the customers gave to the sushi bar to be split among the sushi bar chefs.

112. 29 U.S.C. § 216(b) provides that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

113. Defendant knowingly, willfully, and maliciously disregarded the provisions of the FLSA by misappropriating Plaintiff's tips.

**COUNT V.**
**Violation of N.Y. Lab. L. § 198-d—Misappropriation of Tips**

114. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115. N.Y. Lab. L. § 196-d provides in relevant part that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

116. Throughout Plaintiff's employment, Defendant retained 100% of the delivery tips and 50% of the dine in tips that the customers gave to the sushi bar to be split among the sushi bar chefs.

117. N.Y. Lab. L. § 198(1-a) provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

118. Defendant knowingly, willfully, and maliciously disregarded the provisions of the NYLL by misappropriating Plaintiff's tips.(To the extent this claim is certified for class treatment, Plaintiff shall waive any claim for penalty damages arising out of this claim, including liquidated damages.)

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff]**

119. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

121. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

122. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

123. Due to defendants' failure to provide plaintiff with a Time of Hire Notice, plaintiff was not aware of the hourly rate that he/she/they was supposed to be receiving; if the wage that they were receiving was above Statue Minimum Wage and if the wage that he was receiving included an overtime wage for hours worked past the fortieth (40th) hour.

124. As a result of this plaintiff was financially injured in the fact that plaintiff was not aware that they were supposed to be making more money that they were earning from defendants due to the statue, but instead earned less


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

125. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT VII.**
**[Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff]**

126. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

127. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

128. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

129. As a result plaintiff was injured financially for they were unaware that they could be earning more money than what they were earning leading to financial hardship due to there being no accurate wage statements that listed the facts.

130. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).


Doc ID: 848b99938bf5d390e2954235230bb23ee5daaf12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and the NYLL Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory

and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime, and spread of hours pursuant to NYLL (To the extent any claim are certified for class treatment, Plaintiff shall waive any claim for penalty damages arising out of those claim, including liquidated damages.);

h) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
July 29, 2025

TROY LAW, PLLC
*Attorneys for the Plaintiff, and potential Class*
*/s/ John Troy*
John Troy

## VERIFICATION

I, WEN LIN LIU, affirm that I am a Plaintiff in this action. The foregoing Verified Complaint has been translated to me from English to Chinese.

I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I fully comprehend the contents, and that the foregoing is true to the best of my knowledge, information, and belief, and that this document may be filed in an action or proceeding in a court of law.

Dated: 2025 - 07 - 29

WEN LIN LIU

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS—COMMERCIAL DIVISION

WEN LIN LIU,
*on his own behalf and on behalf of others similarly situated,*
Plaintiff,

Index No.

v.

**SUMMONS WITH NOTICE**

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh ;
IRON CHEF HIBACHI & SUSHI FUSION INC;
d/b/a Iron Chef & Sushi Fusion ;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fushion;
GASHO 1 HIBACHI ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh ;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh ;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE"
Defendants.

**To the above-named Defendant(s):**

**IRON CHEF HIBACHI & ASIAN FUSION INC**
**d/b/a Iron Chef Hibachi & Asian Fusion;**
**d/b/a Iron Chef of Newburgh ;**
101 N Plank Rd, Newburgh, NY 12550

**IRON CHEF HIBACHI & SUSHI FUSION INC**
**d/b/a Iron Chef & Sushi Fusion**
**d/b/a Iron Chef of Central Valley**
365 Route 32, Central Valley, NY 10917

**HIROSAKI, INC**
**d/b/a Iron Chef Hibachi & Asian Fusion**
**d/b/a Iron Chef of Newburgh**
101 N Plank Rd, Newburgh, NY 12550.

**SAKIMURA HIBACHI & ASIAN FUSION INC**
**d/b/a Sakimura Hibachi and Asian Fusion**
**d/b/a Sakimura Hibachi & Asian Fushion**
340 Kings Mall Ct, Kingston, NY 12401

**GASHO 1 HIBACHI ASIAN FUSION INC**
**d/b/a Iron Chef & Sushi Fusion**
**d/b/a Iron Chef of Central Valley**
365 Route 32, Central Valley, NY 10917

**GASHO OF WOODBURY INC**
**d/b/a Iron Chef & Sushi Fusion**
**d/b/a Iron Chef of Central Valley**
365 Route 32, Central Valley, NY 10917

**CHEN GROUP LLC**
**d/b/a Iron Chef Hibachi & Asian Fusion;**
**d/b/a Iron Chef of Newburgh ;**
101 N Plank Rd, Newburgh, NY 12550

**CHEN GROUP 1059 LLC**
**d/b/a Iron Chef Hibachi & Asian Fusion;**
**d/b/a Iron Chef of Newburgh ;**
101 N Plank Rd, Newburgh, NY 12550

**XIANGZHEN CHEN**
**a/k/a Xiang Zhen Chen**
**a/k/a David Chen**
101 N Plank Rd, Newburgh, NY 12550

**JOYCE "DOE"**
101 N Plank Rd, Newburgh, NY 12550

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of

service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue is the residence of Plaintiffs, which is KINGS County, pursuant to N.Y. C.P.L.R. § 503.

Dated: June 16, 2025

Respectfully submitted,
TROY LAW, PLLC

/s/ John Troy

John Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
*Attorney for Plaintiff[s and prospective Class]*

# NOTICE

**Nature of this action is:**

1. Failure to pay overtime pursuant to 29 U.S.C. § 207;
2. Failure to pay overtime pursuant to 12 N.Y.C.R.R. § 146-1.4 for restaurant workers;
3. Failure to pay spread of hours pursuant to 12 N.Y.C.R.R. § 146-1.6 for restaurant workers;
4. Failure to provide wage notices at time of hire pursuant to N.Y. Lab. L. § 195.1(a);
5. Failure to provide wage statements with wage payments pursuant to N.Y. Lab. L. § 195.3.

**Relief Sought:**

1. Pursuant to 29 U.S.C. § 216(b), authorization of Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt employees. Such notice shall inform them that this civil suit has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were the victims of Defendants' failures to pay them minimum wages, and/or overtime;
2. Certification of this case as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules;
3. Designation of Plaintiff as representative of the Class, and counsel of record as Class counsel;
4. A declaratory judgment that the practices complained of herein are unlawful under Fair Labor Standards Act and New York Labor Law;
5. A permanent injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in the violation of the Fair Labor Standards Act, New York Labor Law, and the Hospitality Wage Order;
6. An award of untimely-paid wages, benefits, and/or wage supplements, and liquidated damages equal thereto, pursuant to N.Y. Lab. L. § 198.1-a;
7. An award of unpaid minimum wages, and liquidated damages equal thereto, pursuant to 29 U.S.C. § 216(b);
8. An award of unpaid minimum wages, and liquidated damages equal thereto, pursuant to N.Y. Lab. L. § 663.1;
9. An award of unpaid overtime, and liquidated damages equal thereto, pursuant to 29 U.S.C. § 216(b);

10. An award of unpaid overtime, and liquidated damages equal thereto, pursuant to N.Y. Lab. L. § 663.1;

11. An award of unpaid spread of hours, and liquidated damages equal thereto, pursuant to N.Y. Lab. L. § 663.1;

12. An award of nine *per centum per annum* prejudgment interest on the foregoing monetary awards pursuant to N.Y. Lab. L. §§ 198.1-a and 663.1, and N.Y. C.P.L.R. § 5004;

13. An award of $50.00 per workday per Plaintiff, up to $5,000.00, for failure to provide wage notices at time of hire pursuant to N.Y. Lab. L. § 198.1-b;

14. An award of $250.00 per workday per Plaintiff, up to $5,000.00, for failure to provide wage statements with payments of wages pursuant to N.Y. Lab. L. § 198.1-d;

15. An award of costs, disbursements, and reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. L. §§ 198.1-a and 663.1;

16. An award of prejudgment and post-judgment fees;

17. Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, pursuant to N.Y. Lab. L. § 198.4; and

18. Such other and further legal and equitable relief as the court deems necessary, just, and proper.

**Venue**: Venue is proper in this court pursuant to CPLR § 503, because Plaintiff resides in the state of New York, County of Kings.

**CONSENT TO BECOME PARTY PLAINTIFF**
訴訟同意書

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of DEFENDANT(S), EMPLOYER

在下方簽字，我同意并授權以我的名義代表我申請和起訴被告雇主

**Iron Chef**

to pay me overtime wages and/or minimum wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

追討雇主沒有按照紐約州勞工法及朕邦勞工法律支付我合法最低、超時工資並同意將此訟訴同意書遞交法院。

Liu, Wen Lin
PARTY PLAINTIFF
原告

Signature
簽名

Date
日期

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------X

WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

Index No.: 519882/2025

v.

**NOTICE OF APPEARANCE AND DEMAND FOR COMPLAINT**

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.

----------------------------------------------------------------X

**PLEASE TAKE NOTICE** that MARZEC LAW FIRM, P.C. hereby appears as counsel for Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a

Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE", ("Defendants") in the above-captioned action and hereby demands that you serve a copy of the complaint and notices of all proceedings and other papers in this action upon the Defendants at the address stated below.

Dated: July 9, 2025

MARZEC LAW FIRM, P.C.

By: */s/ Darius Marzec*
Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave, Suite 104
Brooklyn, NY 11222
(718) 609-0303
(718) 841-7508 Fax (not for service)
dmarzec@marzeclaw.com

To: John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

Index No.: 519882/2025

v.

**AFFIRMATION OF SERVICE**

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.
---------------------------------------------------------------X

Darius A. Marzec, Esq., of Marzec Law Firm, P.C., an attorney duly admitted to practice law in the Courts of the State of New York, pursuant to CPLR § 2106 and under the penalty of perjury, affirms as follows:

1. I am the principal of Marzec Law Firm, P.C., counsel for Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE", ("Defendants") in the above-captioned action.

2. On July 9, 2025, I served Defendants' Notice of Appearance and Demand for Complaint via NYSCEF and email upon:

John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com

Dated: July 9, 2025

**MARZEC LAW FIRM, P.C.**

By: */s/ Darius A. Marzec*
Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave, Suite 104
Brooklyn, NY 11222
(718) 609-0303
(718) 841-7508 Fax (not for service)
dmarzec@marzeclaw.com

# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave, Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

**NEW JERSEY OFFICE**
1135 Clifton Avenue, Suite 101
Clifton, New Jersey 07013
*Direct all mail to the New York City Address*

**Via Certified Mail RRR & Email (troylaw@troypllc.com)**

July 9, 2025

John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355

**Re: <u>WEN LIN LIU v. IRON CHEF HIBACHI & ASIAN FUSION INC et al.</u>**
**Index No.: 519882/2025**

Dear Counsel:

Without waiver of any defenses based on personal jurisdiction or venue, please be advised that this office represents Defendants in the above-referenced matter. Please take notice that our clients hereby demand, pursuant to CPLR § 511(b), that the venue be changed from the Supreme Court of the State of New York, Kings County to the Supreme Court of the State of New York, Orange County where the Defendants' principal office is located, or to the Supreme Court of the State of New York, Westchester County where Defendants conduct business.

Should you fail to agree to the stipulation for the change of venue, we will file a motion to change venue on behalf of our clients.

Please be guided accordingly,

*/s/ Darius A. Marzec*

Darius A. Marzec, Esq.

DM:ma
CC: File
Enclosures: None

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.

---------------------------------------------------------------X

Index No.: 519882/2025

**NOTICE OF MOTION**

TO: John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of Darius A. Marzec, Esq., affirmed to on August 27, 2021, and upon all of the papers and proceedings heretofore and herein, Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE" ("Defendants") will move this Court, at the New York State Supreme Court, in and for Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York 11201, at an IAS Part 52, virtually by Microsoft Teams, before the Honorable Francois A. Rivera on the **17th Day of September, 2025, at 9:30 a.m.** or as soon thereafter as counsel may be heard, for an Order granting the Defendant the following relief:

1. Pursuant to CPLR § 327, dismissing this action based on *forum non conveniens* as no Defendant to this action resides in Kings County and it would be a hardship for Defendants to travel from Orange County to Brooklyn for depositions, court appearances and trial, a 2-hour plus drive by car, and as all or many of the witnesses to these allegations do not reside in, and have limited contact with, Kings County;

2. Strictly in the alternative, pursuant CPLR § 511(b), should the Court not dismiss the instant action based on *forum non conveniens*, as no Defendant to this action reside in Kings County that venue be changed from the Supreme Court of the State of New York, Kings County to the Supreme Court of the State of New York, Orange County where Defendants are domiciled and where substantial part of the alleged events or omissions giving rise to Plaintiff's claim occurred;

3. Strictly in the alternative, should the Court not issue an Order that venue be changed pursuant CPLR § 511(b) from Kings County to Orange County, the Court should hold a residency hearing to discern where Defendants are domiciled;

4. Pursuant to CPLR § 2004, extending Defendants' time to answer, move, or otherwise respond to the Complaint herein to the date thirty (30) days after the decision on this motion; and

5. For such other and further relief as this Court shall deem just and proper.

Dated: August 27, 2025
Brooklyn, New York

**MARZEC LAW FIRM, P.C.**

By: */s/ Darius Marzec*

Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave, Suite 104
Brooklyn, NY 11222
(718) 609-0303
(718) 841-7508 Fax (not for service)
dmarzec@marzeclaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.

-----------------------------------------------------------------X

Index No.: 519882/2025

**AFFIRMATION OF SERVICE**

Jerome Noll, Esq. of Marzec Law Firm, P.C., and an attorney duly admitted to practice law in the Courts of the State of New York, pursuant to CPLR 2106, and under the penalty of perjury, affirms as follows:

1. I am an attorney at Marzec Law Firm, P.C., attorneys for Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of

Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE" ("Defendants").

2. On August 27, 2025, I served Defendants' Notice of Motion, Affirmation of Defendant Xiangzhen Chen, Affirmation of Darius A. Marzec, Esq., and all supporting exhibits via NYSECF and email upon:

John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com

Dated: August 27, 2025
Brooklyn, New York

**MARZEC LAW FIRM, P.C.**

By: /s/ Darius Marzec
Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave, Suite 104
Brooklyn, NY 11222
(718) 609-0303
(718) 841-7508 Fax (not for service)
dmarzec@marzeclaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.

---------------------------------------------------------------X

Index No.: 519882/2025

**AFFIRMATION OF XIANGZHEN CHEN IN SUPPORT OF THE MOTION TO CHANGE VENUE**

XIANGZHEN CHEN hereby affirms under penalty of perjury and pursuant to CPLR § 2106 the following:

Doc ID: c02f1716ccf0bef0fe7d91fcfaa8d411431b1481

1. I am the Individual Defendant and representative of the Corporate Defendants in this action and as such am fully familiar with the facts and circumstances of this matter as set forth herein.

2. I make this affirmation in support of Defendants' Motion to Dismiss and Motion to Change venue.

3. I live in Orange County residing at 101 N Plank Road, Newburgh, NY 12550.

4. Corporate Defendants are businesses that operate in Orange County and Ulster County, most improperly named herein.

5. Defendant IRON CHEF HIBACHI & ASIAN FUSION INC is a domestic cooperation with principal business at 101 N Plank Road, Newburgh, NY 12550. It operates in Orange County. See **Exhibit A.**

6. Defendant HIROSAKI, INC is a domestic corporation with principal business at 101 N Plank Road, Newburgh, NY 12550. It operates in Orange County. See **Exhibit B.**

7. Defendant SAKIMURA HIBACHI & ASIAN FUSION INC is a domestic corporation with principal business at 340 Kings Mall Ct., Kingston, NY 12401. It operates in Ulster County. See **Exhibit C.**

8. Defendant GASHO 1 HIBACHI & ASIAN FUSION INC is a domestic corporation with principal business at 365 Route 32, Central Valley, NY 10917. It operates in Orange County. See **Exhibit D.**

9. Defendant GASHO OF WOODBURY INC is a domestic corporation with principal business at 365 Route 32, Central Valley, NY 10917. It operates in Orange County. See **Exhibit E.**

10. Defendant CHEN GROUP LLC is a limited liability company with principal business at 101 N Plank Road, Newburgh, NY 12550. It operates in Orange County. See **Exhibit F**.

11. Defendant CHEN GROUP 1059 LLC is a limited liability company with principal business at 101 N Plank Road, Newburgh, NY 12550. It operates in Orange County. See **Exhibit G**.

12. Majority of the Defendants in this complaint are residents of Orange County. Furthermore, the Corporate Defendants operate in Orange County as well. For such reasons, the Court should grant Defendants' Motion herein to change venue.

13. On July 9, 2025, Defendants served upon Plaintiff's counsel a bona fide demand to change venue pursuant to CPLR § 511(b) stating that venue be changed from the Supreme Court of the State of New York, Kings County to the Supreme Court of the State of New York, Orange County, where majority of the Defendants are residents and operate. A true copy of the demand served by my attorneys dated July 9, 2025 is attached hereto as **Exhibit H**.

14. Continuing with this lawsuit in Kings County is inappropriate and places an undue hardship upon us. All or many of the witnesses to Plaintiff's allegations reside in upstate New York, and these witnesses have no contact with Kings County. It would be a hardship for Defendants to travel from Orange County to Brooklyn for depositions, court appearances and trial. It would also be cost prohibitive for Defendants to travel from Orange County to Kings County, a 2-hour plus drive by car.

15. As such, I ask that this Court grant Defendants' motion to change venue of this action based on Kings County being an inconvenient forum and improper forum.

16. I also ask that the Court extend time to submit a responsive pleading. This is necessary as Plaintiff filed a 28-page complaint against ten (10) Defendants that requires additional investigation and

preparation of clients and counsel.

17. I have made no prior application for the relief requested herein.

I affirm this 27th day of August, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

XIANGZHEN CHEN

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | CHEN X AFF OF CLIENT05302320250827164746.pdf |
| **File name** | CHEN%20X%20AFF%20...0250827164746.pdf |
| **Document ID** | c02f1716ccf0bef0fe7d91fcfaa8d411431b1481 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **08 / 27 / 2025** 20:49:14 UTC | Sent for signature to Xiang Zhen Chen (David) (chengroup101@yahoo.com) from mapdian@marzec.myfirm.pro IP: 67.245.233.169 |
| VIEWED | **08 / 27 / 2025** 20:57:09 UTC | Viewed by Xiang Zhen Chen (David) (chengroup101@yahoo.com) IP: 174.254.232.229 |
| SIGNED | **08 / 27 / 2025** 20:57:37 UTC | Signed by Xiang Zhen Chen (David) (chengroup101@yahoo.com) IP: 174.254.232.229 |
| COMPLETED | **08 / 27 / 2025** 20:57:37 UTC | The document has been completed. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
WEN LIN LIU, on his own behalf and on behalf of others similarly situated,
Plaintiff,

v.

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",
Defendants.
---------------------------------------------------------------X

Index No.: 519882/2025

**AFFIRMATION OF DARIUS A. MARZEC, ESQ. IN SUPPORT OF THE MOTION TO CHANGE VENUE**

Darius A. Marzec, Esq., an attorney-at-law duly admitted to practice before the courts of the State of New York, and not a party to this action hereby affirms the following under penalty of perjury:

1. I am the attorney at law for Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE" ("Defendants"), in the within action and as such am fully familiar with the facts and circumstances of this matter as set forth herein.

2. I respectfully submit this Affirmation in support of Defendants' Motion to dismiss based on *forum non conveniens* or in the alternative to change venue from Kings County to Orange County. In addition, Defendants request that the time to respond to the Complaint be extended.

## PROCEDURAL AND FACTUAL HISTORY

3. For a true and correct statement of the facts, please refer to the Affirmation of Defendant Xiangzhen Chen ("Chen Aff.") annexed hereto and made a part hereof.

## ARGUMENT

### I. PURSUANT TO CPLR 327, THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS THE ACTION AGAINST DEFENDANTS BASED ON FORUM NON CONVENIENS GROUNDS.

4. This Court should dismiss the action pursuant to CPLR § 327 which provides:

> When the court find that in the interest of substantial justice the action should be heard in another forum, the court on the motion of any party, may stay or dismiss the action in whole or in part on any condition that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action.

See CPLR § 327 (a).

5. CPLR § 327 codifies New York's *forum non conveniens* rule.

6. The doctrine of *forum non conveniens* permits a court to stay or dismiss an action when, although it may have jurisdiction over the action, the court determines that "in the interest of substantial justice the action should be heard in another forum". CPLR 327(a); See Koskar v. Ford Motor Co., 84 A.D.3d 1317, 1317-1318 (2d Dept. 2011); Sarfaty v. Rainbow Helicopters, 221 A.D.2d 618, 618-619 (1st Dept. 1995). A motion to dismiss on *forum non conveniens* grounds requires a Court "to weigh the parties' residences, the location of the witnesses and any hardship caused by the choice forum, the availability of an alternative forum, the situs of action, and the burden on the New York court system." Tiger Sourcing (HK) Ltd. V. GMAC Commercial Fin. Corporation-Canada, 66 A.D.3d 1002, 1003, (2d Dept. 2009) (affirming lower court's grant of motion to dismiss on *forum non conveniens* grounds).

7. Dismissal under such circumstances is warranted because Kings County is an inconvenient forum for this litigation. See New Bridgeland Warehouses, LLC v. Home Depot U.S.A., Inc. 73 A.D.3d 402 (1st Dept. 2010) (reversing denial of *forum non conveniens* motion, holding that the fact that plaintiff's signatory to a disputed lease was located in New York and the lease was executed in New York was insufficient to create a factual connection to New York where the property that was subject of the dispute was located in New Jersey and the witnesses to the dispute would be primarily in New Jersey).

8. Corporate Defendants are businesses that are residents and operate in Orange County and Ulster County, not in Kings County. See Chen Aff ¶¶ 4-11; **Exhibits A-G**. Furthermore, the substantial part of the events or omissions giving rise to the claim occurred in Orange County, not in Kings County. Furthermore, all or many of the witnesses to Plaintiff's allegations reside in upstate New York, and these witnesses have no contact with Kings County. See Chen Aff ¶ 14. It would be a hardship for Defendants to travel from Orange County to Brooklyn for depositions, court appearances and trial. See Chen Aff ¶ 14. It would also be cost-prohibitive for Defendants to travel from Orange County to Kings County, a 2-hour plus drive by car. See Chen Aff ¶ 14.

9. The convenience factors, residence of the parties, the location of witnesses and evidence, as well as the burden on the Kings Courts all favor dismissal in this instance. There can be no dispute that Brooklyn was not the venue of any of the events complained of, as Plaintiff alleged he worked in Orange County. No allegation exists as to any events in Brooklyn.

10. For the foregoing reasons, the Court should dismiss the instant proceeding as it is filed in the wrong forum.

## II. SHOULD THIS COURT FAIL TO DISMISS THE INSTANT MATTER, STRICTLY IN THE ALTERNATIVE, THIS COURT SHOULD GRANT DEFENDANTS' MOTION PURSUANT TO CPLR 503(A) FOR VENUE TO BE CHANGED FROM KINGS COUNTY TO ORANGE COUNTY

11. Should this Court fail to dismiss the instant matter based on *forum non conveniens* grounds, strictly in the alternative, this Court should grant Defendants' Motion pursuant to CPLR 503(a) to change venue from Kings County to Orange County.

12. CPLR § 503(a) states the general rule of venue that "the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the

parties then resided in the state, in any county designated by the plaintiff." CPLR § 503(a).

13. To reiterate, Defendants are residents of Orange County and Ulster County, not Kings County. See Chen Aff ¶¶ 3-11; **Exhibits A-G**. Furthermore, substantial part of the events giving rise to Plaintiff's claim also happened in Orange County, as Plaintiff claims that he was employed by the Corporate Defendants, majority of which operates in Orange County. See Chen Aff ¶ 12. Thus, pursuant to CPLR § 503, the appropriate venue is Orange County, instead of Kings County. See CPLR § 503(a).

14. Upon motion, a Court may change the place of trial of an action where the county designated for that purpose is not a proper county. See CPLR § 510(1). Where a plaintiff has designated an improper venue, he or she has forfeited the right to select the venue thereafter. See Llorca v. Manzo, 254 A.D.2d 396, 397 (2d Dept. 1998) (in finding the plaintiffs' choice of venue to be improper, the Court held, "Accordingly, the plaintiffs forfeited their right to select the place of venue."); Dalton v. Barret, 275 A.D.2d 297, 298 (2d Dept. 2000) ("the plaintiff's choice of venue was improper, and she forfeited her right to select the venue of the action."); Wu v. Waldbaum, Inc., 284 A.D.2d 434, 435 (2d Dept. 2001) ("By commencing this action in an improper venue in the first instance, the plaintiff forfeited the right to designate venue.").

15. In support of Defendants' Motion herein, the Defendants have submitted evidence establishing, prima facie, that none of the Defendants resided in Kings County when the action was commenced. See **Exhibits A-G**. Furthermore, it is undisputed that substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Orange County. Therefore, Orange County is the proper venue because it is where majority of the Defendants reside and where substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

16. Moreover, by improperly commencing the action in Kings County, Plaintiff has

forfeited her right to select venue. Carobert v. Baldor Elec. Co., 102 A.D.3d 905, 906–07, 958 N.Y.S.2d 611, 612 (2d Dept. 2013) ("By improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue"). As Plaintiff has not, and cannot, show that the county specified by Defendants is improper, and has not moved this Court to retain venue in Kings County or to transfer venue to a county other than Orange County, this Court should grant Defendants' Motion to change the venue of this action to the county established by Defendants as their domicile – Orange County. Carobert v. Baldor Elec. Co., 102 A.D.3d 905, 906–07, 958 N.Y.S.2d 611, 612 (2d Dept. 2013) ("Furthermore, the plaintiff failed to show that the county specified by the defendants was improper, and did not cross-move to retain venue in Kings County or to transfer venue to a county other than that urged by the defendants").

17. CPLR § 511 provides the procedure that allows a defendant to change venue after a plaintiff has made an improper designation. Specifically, pursuant to CPLR § 511(b), following a plaintiff's improper designation, a defendant may move to change venue within fifteen days of service of the demand for change of venue. See CPLR § 511(b).

18. Here, Defendants served a Demand for Change of Venue on July 9, 2025. See Chen Aff ¶ 13; **Exhibit H**.

19. Defendants promptly moved to change venue after appearing in this action and pursuant to undersigned counsel's letter to Plaintiff's counsel, dated July 9, 2025, demanding that venue be changed from the Supreme Court of the State of New York, Kings County to the Supreme Court of the State of New York, Orange County, pursuant to CPLR § 511(b), based upon Defendants' true residence and where substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

20. It is a well-accepted principle that this Court has the discretion to grant a motion to

change venue made "at any time before trial." Korman v. City of New York, 89 A.D.2d 888 (2d Dept. 1982); See O'Connor v. Roman Catholic Diocese of Rockville Centre, 231 A.D.2d 700 (2d Dept. 1996) (the defendant's prompt motion to change venue supported the change in venue outside of ordinary time limits). Moreover, a plaintiff's failure to serve an affidavit in response to the defendant's demand for change of venue, which shows either the county designated by the defendant is improper, or that the county the plaintiff designates is proper, supports a transfer of venue to the county demanded by the defendant. Lynch v. Cyprus Sash & Door Co., Inc., 272 A.D.2d 260 (1st Dept. 2000).

21. As such, Defendants ask that this Court grant their Motion herein to change venue from Kings County to Orange County.

## III. PURSUANT TO CPLR § 2004, THE COURT SHOULD EXTEND DEFENDANTS' TIME TO ANSWER BECAUSE PLAINTIFF FILED A 28-PAGE COMPLAINT AGAINST TEN DEFENDANTS REQUIRING ADDITIONAL TIME FOR INVESTIGATION AND PREPARATION.

22. The Court, pursuant to CPLR § 2004, should extend Defendants' time to answer, move, or otherwise respond to the Complaint herein to the date 30 days after the decision on this motion because Plaintiff filed a 28-page complaint against ten (10) Defendants requiring additional time for investigation and preparation.

23. CPLR § 2004 states in pertinent part:

> Extensions of time generally. Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.

N.Y. C.P.L.R. § 2004.

24. Defendants respectfully submit that the fact that Plaintiff filed a 28-page Complaint against ten (10) Defendants constitutes good cause to grant an extension to of time to respond to

the Complaint. It requires additional time for investigation and preparation of Defendants and counsel. See Chen Aff ¶ 16.

25. Accordingly, this Court should grant Defendants' motion and extend their time to object, move against, answer, or otherwise respond to the Complaint, to the date thirty days after the decision on this motion.

26. No prior application has been made for the relief requested herein.

Dated: August 27, 2025
Brooklyn, New York

**MARZEC LAW FIRM, P.C.**

By: */s/ Darius Marzec*
Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave, Suite 104
Brooklyn, NY 11222
(718) 609-0303
dmarzec@marzeclaw.com

# EXHIBIT A

An official website of New York State.
Here's how you know

NEW YORK STATE

# Department of State
## Division of Corporations

## Entity Information

Return to Results   Return to Search

Entity Details

**ENTITY NAME:** IRON CHEF HIBACHI & SUSHI FUSION INC.
**DOS ID:** 5276034
**FOREIGN LEGAL NAME:**
**FICTITIOUS NAME:**
**ENTITY TYPE:** DOMESTIC BUSINESS CORPORATION
**DURATION DATE/LATEST DATE OF DISSOLUTION:**
**SECTIONOF LAW:** 402 BCL - BUSINESS CORPORATION LAW
**ENTITY STATUS:** INACTIVE
**DATE OF INITIAL DOS FILING:** 01/29/2018
**REASON FOR STATUS:** VOLUNTARILY DISSOLVED
**EFFECTIVE DATE INITIAL FILING:** 01/29/2018
**INACTIVE DATE:** 06/13/2022
**FOREIGN FORMATION DATE:**
**STATEMENT STATUS:** NOT REQUIRED
**COUNTY:** ORANGE
**NEXT STATEMENT DUE DATE:**
**JURISDICTION:** NEW YORK, UNITED STATES
**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** IRON CHEF HIBACHI & SUSHI FUSION INC.

**Address:** 365 ROUTE 32, CENTRAL, NY, UNITED STATES, 10917

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:** XIANGZHEN CHEN

**Address:** 365 ROUTE 32, CENTRAL VALLEY, NY, 10917

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
|---|---|---|
| NO PAR VALUE | 200 | $0.00000 |

# EXHIBIT B

An official website of New York State.
Here's how you know

NEW YORK STATE

# Department of State
## Division of Corporations

## Entity Information

Return to Results | Return to Search

Entity Details

**ENTITY NAME:** HIROSAKI INC.

**FOREIGN LEGAL NAME:**

**ENTITY TYPE:** DOMESTIC BUSINESS CORPORATION

**SECTIONOF LAW:** 402 BCL - BUSINESS CORPORATION LAW

**DATE OF INITIAL DOS FILING:** 11/26/2018

**EFFECTIVE DATE INITIAL FILING:** 11/26/2018

**FOREIGN FORMATION DATE:**

**COUNTY:** ORANGE

**JURISDICTION:** NEW YORK, UNITED STATES

**DOS ID:** 5448690

**FICTITIOUS NAME:**

**DURATION DATE/LATEST DATE OF DISSOLUTION:**

**ENTITY STATUS:** ACTIVE

**REASON FOR STATUS:**

**INACTIVE DATE:**

**STATEMENT STATUS:** PAST DUE DATE

**NEXT STATEMENT DUE DATE:** 11/30/2020

**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** HIROSAKI INC.

**Address:** 101 N PLANK ROAD, NEWBURGH, NY, UNITED STATES, 12550

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
|---|---|---|
| NO PAR VALUE | 200 | $0.00000 |

# EXHIBIT C

An official website of New York State
Here's how you know

NEW YORK STATE

# Department of State
## Division of Corporations

## Entity Information

Return to Results | Return to Search

Entity Details

**ENTITY NAME:** SAKIMURA HIBACHI & ASIAN FUSION INC.
**DOS ID:** 6741384
**FOREIGN LEGAL NAME:**
**FICTITIOUS NAME:**
**ENTITY TYPE:** DOMESTIC BUSINESS CORPORATION
**DURATION DATE/LATEST DATE OF DISSOLUTION:**
**SECTIONOF LAW:** BUSINESS CORPORATION - 402 BUSINESS CORPORATION LAW - BUSINESS CORPORATION LAW
**ENTITY STATUS:** ACTIVE
**DATE OF INITIAL DOS FILING:** 02/24/2023
**REASON FOR STATUS:**
**EFFECTIVE DATE INITIAL FILING:** 02/24/2023
**INACTIVE DATE:**
**FOREIGN FORMATION DATE:**
**STATEMENT STATUS:** PAST DUE
**COUNTY:** ULSTER
**NEXT STATEMENT DUE DATE:** 02/28/2025
**JURISDICTION:** NEW YORK, UNITED STATES
**NFP CATEGORY:** NO-ANSWER

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** SAKIMURA HIBACHI & ASIAN FUSION INC.

**Address:** 340 KINGS MALL CT, KINGSTON, NY, UNITED STATES, 12401

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

**Name:** XIANG LIAN

**Address:** 340 KINGS MALL CT , KINGSTON, NY, 12401

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
|---|---|---|
| NO PAR VALUE | 200 | $0.00000 |

# EXHIBIT D

An official website of New York State.
Here's how you know

NEW YORK STATE

# Department of State
## Division of Corporations

## Entity Information

Return to Results | Return to Search

Entity Details

**ENTITY NAME:** GASHO 1 HIBACHI ASIAN FUSION INC
**DOS ID:** 5190667
**FOREIGN LEGAL NAME:**
**FICTITIOUS NAME:**
**ENTITY TYPE:** DOMESTIC BUSINESS CORPORATION
**DURATION DATE/LATEST DATE OF DISSOLUTION:**
**SECTIONOF LAW:** 402 BCL - BUSINESS CORPORATION LAW
**ENTITY STATUS:** ACTIVE
**DATE OF INITIAL DOS FILING:** 08/22/2017
**REASON FOR STATUS:**
**EFFECTIVE DATE INITIAL FILING:** 08/22/2017
**INACTIVE DATE:**
**FOREIGN FORMATION DATE:**
**STATEMENT STATUS:** PAST DUE DATE
**COUNTY:** ORANGE
**NEXT STATEMENT DUE DATE:** 08/31/2019
**JURISDICTION:** NEW YORK, UNITED STATES
**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** GASHO 1 HIBACHI ASIAN FUSION INC

**Address:** 365 ROUTE 32, CENTRAL VALLEY, NY, UNITED STATES, 10917

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
|---|---|---|
| NO PAR VALUE | 200 | $0.00000 |

# EXHIBIT E

An official website of New York State.
Here's how you know

NEW YORK STATE

# Department of State
## Division of Corporations

## Entity Information

Return to Results | Return to Search

Entity Details

**ENTITY NAME:** GASHO OF WOODBURY INC.
**DOS ID:** 5592716
**FOREIGN LEGAL NAME:**
**FICTITIOUS NAME:**
**ENTITY TYPE:** DOMESTIC BUSINESS CORPORATION
**DURATION DATE/LATEST DATE OF DISSOLUTION:**
**SECTIONOF LAW:** 402 BCL - BUSINESS CORPORATION LAW
**ENTITY STATUS:** ACTIVE
**DATE OF INITIAL DOS FILING:** 07/24/2019
**REASON FOR STATUS:**
**EFFECTIVE DATE INITIAL FILING:** 07/24/2019
**INACTIVE DATE:**
**FOREIGN FORMATION DATE:**
**STATEMENT STATUS:** CURRENT
**COUNTY:** ORANGE
**NEXT STATEMENT DUE DATE:** 07/31/2025
**JURISDICTION:** NEW YORK, UNITED STATES
**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** GASHO OF WOODBURY INC.

**Address:** 365 ROUTE 32, CENTRAL VALLEY, NY, UNITED STATES, 10917

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:** XIANGZHEN CHEN

**Address:** 365 ROUTE 32 , CENTRAL VALLEY, NY, UNITED STATES, 10917

Principal Executive Office Address

**Address:** 101 N PLANK ROAD, NEWBURGH, NY, UNITED STATES, 12250

Registered Agent Name and Address

**Name:** XIANGZHEN CHEN

**Address:** 365 ROUTE 32, CENTRAL VALLEY, NY, 10917

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
|---|---|---|
| NO PAR VALUE | 200 | $0.00000 |

AgenciesApp DirectoryCountiesEventsProgramsServices

# EXHIBIT F

An official website of New York State.
Here's how you know

NEW YORK STATE

# Department of State
## Division of Corporations

### Entity Information

Return to Results | Return to Search

Entity Details

**ENTITY NAME:** CHEN GROUP LLC
**DOS ID:** 4838578
**FOREIGN LEGAL NAME:**
**FICTITIOUS NAME:**
**ENTITY TYPE:** DOMESTIC LIMITED LIABILITY COMPANY
**DURATION DATE/LATEST DATE OF DISSOLUTION:**
**SECTIONOF LAW:** 203 LLC - LIMITED LIABILITY COMPANY LAW
**ENTITY STATUS:** ACTIVE
**DATE OF INITIAL DOS FILING:** 10/22/2015
**REASON FOR STATUS:**
**EFFECTIVE DATE INITIAL FILING:** 10/22/2015
**INACTIVE DATE:**
**FOREIGN FORMATION DATE:**
**STATEMENT STATUS:** PAST DUE
**COUNTY:** ORANGE
**NEXT STATEMENT DUE DATE:** 10/31/2021
**JURISDICTION:** NEW YORK, UNITED STATES
**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** XIANG ZHEN CHEN

**Address:** 101 N. PLANK ROAD, NEWBURGH, NY, UNITED STATES, 12550

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
| --- | --- | --- |

AgenciesApp DirectoryCountiesEventsProgramsServices

# EXHIBIT G

An official website of New York State.
Here's how you know

# Department of State
## Division of Corporations

## Entity Information

Return to Results Return to Search

Entity Details

**ENTITY NAME:** CHEN GROUP 1059 LLC
**DOS ID:** 7501059
**FOREIGN LEGAL NAME:**
**FICTITIOUS NAME:**
**ENTITY TYPE:** DOMESTIC LIMITED LIABILITY COMPANY
**DURATION DATE/LATEST DATE OF DISSOLUTION:**
**SECTIONOF LAW:** LIMITED LIABILITY COMPANY LAW - 203 LIMITED LIABILITY COMPANY LAW - LIMITED LIABILITY COMPANY LAW
**ENTITY STATUS:** ACTIVE
**DATE OF INITIAL DOS FILING:** 01/07/2025
**REASON FOR STATUS:**
**EFFECTIVE DATE INITIAL FILING:** 01/07/2025
**INACTIVE DATE:**
**FOREIGN FORMATION DATE:**
**STATEMENT STATUS:** CURRENT
**COUNTY:** ULSTER
**NEXT STATEMENT DUE DATE:** 01/31/2027
**JURISDICTION:** NEW YORK, UNITED STATES
**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:** XIANGZHEN CHEN

**Address:** 101 N PLANK ROAD, NRWBURGH, NY, UNITED STATES, 12550

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
| --- | --- | --- |

AgenciesApp DirectoryCountiesEventsProgramsServices

# EXHIBIT H

# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave, Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

**NEW JERSEY OFFICE**
1135 Clifton Avenue, Suite 101
Clifton, New Jersey 07013
*Direct all mail to the New York City Address*


Via Certified Mail RRR & Email (troylaw@troypllc.com)

July 9, 2025

John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355

Re: **WEN LIN LIU v. IRON CHEF HIBACHI & ASIAN FUSION INC et al.**
**Index No.: 519882/2025**

Dear Counsel:

Without waiver of any defenses based on personal jurisdiction or venue, please be advised that this office represents Defendants in the above-referenced matter. Please take notice that our clients hereby demand, pursuant to CPLR § 511(b), that the venue be changed from the Supreme Court of the State of New York, Kings County to the Supreme Court of the State of New York, Orange County where the Defendants' principal office is located, or to the Supreme Court of the State of New York, Westchester County where Defendants conduct business.

Should you fail to agree to the stipulation for the change of venue, we will file a motion to change venue on behalf of our clients.

Please be guided accordingly,

*/s/ Darius A. Marzec*

Darius A. Marzec, Esq.

DM:ma
CC: File
Enclosures: None

# EXHIBIT E

New York State Unified Court System

UCS COURTS

# *WebCivil Supreme - eFiled Documents Detail*

Court: **Kings Supreme Court**
Index Number: **519882/2025**
Case Name: **LIU, WEN LIN vs. IRON CHEF HIBACHI & ASIAN FUSION INC et al**
Case Type: **Tort-Other**
Track: **Complex**

**Document List** - Click on the document name to view the document

| Document # | Date Received/Filed | Document | Description | Motion # | Filing User |
|---|---|---|---|---|---|
| 1 | 06/16/2025 | SUMMONS WITH NOTICE | Summons With Notice /rcl | | JOHN TROY |
| 2 | 06/16/2025 | EXHIBIT(S) | Wen Lin Liu Consent to Become Party Plaintiff /rcl | | JOHN TROY |
| 3 | 07/09/2025 | NOTICE OF APPEARANCE (PRE RJI) | --none-- | | DARIUS A MARZEC |
| 4 | 07/09/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | | DARIUS A MARZEC |
| 5 | 07/09/2025 | DEMAND FOR CHANGE OF PLACE OF TRIAL | --none-- | | DARIUS A MARZEC |
| 6 | 07/14/2025 | RESPONSE TO DEMAND | Defendants' Demand to Transfer Venue /mh | | JOHN TROY |
| 7 | 07/29/2025 | COMPLAINT | --none-- | | JOHN TROY |
| 8 | 07/29/2025 | EXHIBIT(S) | Notice to Enforce Shareholder Liability for Services Rendered | | JOHN TROY |
| 9 | 07/29/2025 | EXHIBIT(S) | Notice to Inspect Share Records | | JOHN TROY |
| 10 | 07/29/2025 | EXHIBIT(S) | Document Preservation Hold Notice | | JOHN TROY |
| 11 | 07/29/2025 | EXHIBIT(S) | Notice of Lien and Assignment | | JOHN TROY |
| 12 | 07/29/2025 | EXHIBIT(S) | Notice that Retaliation is Illegal under the FLSA and NYLL | | JOHN TROY |
| 13 | 07/29/2025 | EXHIBIT(S) | Notice Settlement Under the Table is Prohibited /mh | | JOHN TROY |
| 14 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Chen Group 1059 LLC | | JOHN TROY |
| 15 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Chen Group LLC | | JOHN TROY |
| 16 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Gasho 1 Hibachi Asian Fusion Inc. | | JOHN TROY |
| 17 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Gasho of Woodbury Inc. | | JOHN TROY |
| 18 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Hirosaki, Inc. | | JOHN TROY |
| 19 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Iron Chef Hibachi & Asian Fusion Inc. | | JOHN TROY |
| 20 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of Service for Iron Chef Hibachi & Sushi Fusion Inc. | | JOHN TROY |
| 21 | 08/22/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | as to Sakimura Hibachi & Asian Fusion Inc. /nm | | JOHN TROY |
| 50 | 08/27/2025 | NOTICE OF MOTION | --none-- | 1 | DARIUS A MARZEC |
| 51 | 08/27/2025 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | 1 | DARIUS A MARZEC |
| 52 | 08/27/2025 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | --none-- | 1 | DARIUS A MARZEC |
| 53 | 08/27/2025 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | --none-- | 1 | DARIUS A MARZEC |
| 54 | 08/27/2025 | EXHIBIT(S) | Entity info A | 1 | DARIUS A MARZEC |
| 55 | 08/27/2025 | EXHIBIT(S) | Entity info B | 1 | DARIUS A MARZEC |
| 56 | 08/27/2025 | EXHIBIT(S) | Entity info C | 1 | DARIUS A MARZEC |
| 57 | 08/27/2025 | EXHIBIT(S) | Entity info D | 1 | DARIUS A MARZEC |
| 58 | 08/27/2025 | EXHIBIT(S) | Entity info E | 1 | DARIUS A MARZEC |
| 59 | 08/27/2025 | EXHIBIT(S) | Entity info F | 1 | DARIUS A MARZEC |

| | | | | | |
|---|---|---|---|---|---|
| 60 | 08/27/2025 | EXHIBIT(S) | Entity info G | 1 | DARIUS A MARZEC |
| 61 | 08/27/2025 | EXHIBIT(S) | Demand | 1 | DARIUS A MARZEC |
| 62 | 08/27/2025 | RJI -RE: NOTICE OF MOTION | --none-- | 1 | DARIUS A MARZEC |
| 63 | 08/27/2025 | ADDENDUM - GENERAL (840A) | --none-- | 1 | DARIUS A MARZEC |

Close

# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

WEN LIN LIU, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

IRON CHEF HIBACHI & ASIAN FUSION INC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
IRON CHEF HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
HIROSAKI, INC;
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
SAKIMURA HIBACHI & ASIAN FUSION INC;
d/b/a Sakimura Hibachi and Asian Fusion;
d/b/a Sakimura Hibachi & Asian Fusion;
GASHO 1 HIBACHI & ASIAN FUSION INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
GASHO OF WOODBURY INC;
d/b/a Iron Chef & Sushi Fusion;
d/b/a Iron Chef of Central Valley;
CHEN GROUP LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
CHEN GROUP 1059 LLC
d/b/a Iron Chef Hibachi & Asian Fusion;
d/b/a Iron Chef of Newburgh;
XIANGZHEN CHEN;
a/k/a Xiang Zhen Chen;
a/k/a David Chen; and
JOYCE "DOE",

Defendants.

-------------------------------------------------------------------X

Case No.:

**Removed from New York State Supreme Court, Kings County, Index No.: 519882/2025**

## NOTICE OF FILING OF NOTICE OF REMOVAL TO DISTRICT COURT

**PLEASE TAKE NOTICE** that on August 28, 2025, Defendants IRON CHEF HIBACHI & ASIAN FUSION INC d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; IRON CHEF HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef

of Central Valley; HIROSAKI, INC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; SAKIMURA HIBACHI & ASIAN FUSION INC; d/b/a Sakimura Hibachi and Asian Fusion; d/b/a Sakimura Hibachi & Asian Fusion; GASHO 1 HIBACHI & ASIAN FUSION INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; GASHO OF WOODBURY INC; d/b/a Iron Chef & Sushi Fusion; d/b/a Iron Chef of Central Valley; CHEN GROUP LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; CHEN GROUP 1059 LLC; d/b/a Iron Chef Hibachi & Asian Fusion; d/b/a Iron Chef of Newburgh; XIANGZHEN CHEN; a/k/a Xiang Zhen Chen; a/k/a David Chen; and JOYCE "DOE" (collectively, "Defendants") filed a Notice of Removal of this action in the United States District Court for the Eastern District of New York, Brooklyn. A copy of this Notice of Removal with supporting exhibits is annexed hereto and has been served along with this notice upon counsel for Plaintiff WEN LIN LIU.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 USC § 1446(d), no further proceedings shall occur in this Court unless and until the case is remanded.

Dated: August 28, 2025
Brooklyn, New York

**MARZEC LAW FIRM, P.C.**

By: *__/s/ Darius A. Marzec_______*
Darius A. Marzec, Esq.
Attorneys for Defendants
776A Manhattan Ave., Ste 104
(718) 609-0303
Fax (718) 841-7508
dmarzec@marzeclaw.com

To: John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 110 Park Regent Building
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com